IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DAVID D. EVERIST,

Case No. 1:12-cv-00753-CL

Plaintiff,

v.

**REPORT &
RECOMMENDATION**

U.S.D.A.; U.S.F.S.; U.S. Attorney S. Amanda
Marshall, Dung Fung, agents, and or agency, all
of parties and the United States,

Defendants.

CLARKE, Magistrate Judge

Pro se plaintiff David D. Everist commenced this action by filing a Complaint (#1) on

April 27, 2012. Plaintiff's Complaint contains what appears to be a request for leave to proceed

*in forma pauperis.* Plaintiff subsequently filed motions for summary judgment on June 4 (#5)

and June 5 (#6), 2012. For the reasons that follow, the Complaint should be dismissed without

prejudice and with leave to amend, the request to proceed *in forma pauperis* should be denied as

moot, and the motions for summary judgment should denied as moot.

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit, or proceeding in a district court, except an

application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).

However, a federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a); *see* <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1177 (9th Cir. 1999). A document is not an affidavit unless a litigant has taken an oath or sworn by his statement. <u>Williams v. Pierce County Bd. of Comm'rs</u>, 267 F.2d 866, 867 (9th Cir. 1959). A district court may dismiss an *in forma pauperis* request that does not include an affidavit stating the relevant facts or an *in forma pauperis* application. <u>U.S. v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981) (*citing* <u>Jefferson v. U.S.</u>, 277 F.2d 723, 725 (9th Cir. 1960) (affidavit); <u>McInturff v. Thomas</u>, Civil No. 10-367-SU, 2010 WL 3909821, at *1 (D. Or. July 29, 2010) (*in forma pauperis* application). A district court has discretion in determining whether to dismiss an *in forma pauperis* request. *See* <u>Dillard v. Liberty Loan Corp.</u>, 626 F.2d 363, 364 (4th Cir. 1980).

Plaintiff David D. Everist ("Everist") failed to file an application to proceed *in forma pauperis*. His Complaint contains the following statement: "Imformis popus I get 200$ a mo in food aid and I ask for a waver filing fees." (Compl., pp. 1). However, Everist does not attach an affidavit with a statement of his assets and a declaration that he is unable to pay the filing fee. Although Everist's Complaint appears to allege that he receives $200 a month in food stamps, it does not include any information regarding his employment status, income, savings, additional assets, or dependents. (Id.). Everist's Complaint does not contain a declaration or oath that the information provided is true; therefore, it is not an affidavit. As a result, his request to proceed *in forma pauperis* does not satisfy the statutory requirements. *See* 28 U.S.C. § 1915(a). His request to proceed *in forma pauperis* should therefore be denied as moot with leave to file a new *in forma pauperis* application should he choose to amend his Complaint.

//

## INITIAL SCREENING PER 28 U.S.C. § 1915(e)(2)(B)

### I. Standard

Notwithstanding a plaintiff's indigence, the Court must subject each civil action

commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte*

dismissal of any case it finds "frivolous or malicious," "fails to state a claim on which relief may

be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B); *see also* Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he

provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d

1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but

requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim); Rodriguez

v. Cook, 169 F.3d 1176, 1178 n. 2 (9th Cir. 1999) (28 U.S.C. § 1915(e)(2)(B) has been upheld as

constitutional by the only circuit to address the question of its constitutionality).

When a plaintiff appears *pro se*, the pleadings are held to "less stringent standards than

pleadings drafted by lawyers." Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (*citing*

Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594 (1972)). The court must construe the

allegations liberally and afford the plaintiff the benefit of the doubt. *See* Bernhardt v. Los

Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003) (internal citations omitted). However, the

pleadings must still contain sufficient facts that allow the court to determine whether a claim has

been pled. Ivey v. Bd. of regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Accordingly, a complaint may be dismissed for "failure to state a claim upon which relief

may be granted." FED. R. CIV. P. 12(b)(6). A complaint may be dismissed as a matter of law if it

lacks a cognizable legal theory or if it does not contain sufficient facts under a cognizable legal

theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). The

complaint is required only to include "enough facts to state a claim to relief that is plausible on

its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007) (*citing*

Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). A claim is plausible on its face when

the factual allegations allow the court to infer the defendant's liability based on the alleged

conduct. Ashcroft v. Iqbal, 556 U.S. 662, --, 129 S.Ct. 1937, 1940 (2009).

Moreover, a complaint is required to include "a short and plain statement of the grounds

for the court's jurisdiction" and "a short and plain statement of the claim showing that the

pleader is entitled to relief." FED. R. CIV. P. 8(a). The short and plain statement of the claim

must give the defendant fair notice of what the claim is. Twombly, 550 U.S. at 555. "Something

labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom

plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."

McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996).

If the court dismisses the complaint, it must decide whether to grant leave to amend. A

district court should grant leave to amend, even without a request, unless the pleadings could not

be cured by additional factual allegations. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)

(citations and internal quotation marks omitted). A *pro se* complaint should be dismissed with

leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be

cured by an amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*quoting*

Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## II. Discussion

In this case, the document docketed as Everist's Complaint consists of a single sheet of

paper. The allegations in this document consist in their entirety of the following:

Cross COMPLAINT FOR SON DE TORT
FOR PROSSESSARY ACTION Twin cedars placer. Under USC 30 $ 53 on my

exclusive possession use and enjoyment of my private Real estate personal private locatable mineral estate Domitian estate. With My right to occupy, Right to exploits with in bounds of my possession by possessor title, location notice. Motion for injunction on the case United States VS David D. Everist to impose injunction by court on the UNITED STATES GOVERNMENT USDA USFS US ATTORNEY AND AGENTS AGENCY AND PARTIES.

(Compl., pp. 1). Two additional pages are attached to Everist's Complaint. The first is a one-page document titled "Notice of Location of Placer Claim," stamped as recorded in the Josephine County Official Records on May 8, 2006, as document number 2006-009573. (Compl., pp. 2). This document, which the court will refer to as "the Placer Claim," identifies the name of the claim as "Twin Cedars Placer" and the locators as Timothy J. Armstrong and David D. Everist. (Id.). In the section of the document describing what the claim comprises, a section of the document has been blacked out, above which a handwritten note appears stating "locators have discovered Placer Gold." (Id.). The second page is an unidentified document which appears to be a map of some kind, stamped "received" by the Bureau of Land Management on June 26, 2006. (Compl., pp. 3).

All defendants in this case are all either agencies or employees of the United States. To proceed against the United States or agency or employee thereof, a plaintiff must identify both a specific statutory waiver of sovereign immunity and a statutory authority granting subject matter jurisdiction over the claims asserted by the plaintiff. E.J. Friedman Co., Inc. v. U.S., 6 F.3d 1355, 1357 (9th Cir. 1993); Arford v. U.S., 934 F.2d 229, 231 (9th Cir. 1991). Everist has failed to allege either a proper jurisdictional basis or a waiver of sovereign authority that would authorize him to proceed against defendants, therefore dismissal for lack of jurisdiction is proper. Coos Cnty. Bd. of Comm'rs v. Kempthorne, 531 F.3d 792, 802-03 (9th Cir. 2006).

"A jurisdictional dismissal is not a judgment on the merits." Wages v. Internal Revenue Serv., 915 F.2d 1230, 1234 (9th Cir. 1990). A court ordering a dismissal based upon lack of

subject matter jurisdiction "retain[s] no power to make judgments relating to the merits of the case," or even "to rule alternatively on the merits of a case." Id. "[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." Hernandez v. Conriv Realty Assocs., 192 F.3d 121, 123 (2nd Cir. 1999); *see also* Murray v. Conseco, Inc., 467 F.3d 602, 605 (7th Cir. 2006) ("A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice."). Consequently, Everist's Complaint should be dismissed without prejudice and with leave to amend.

Although Everist's Complaint is entirely devoid of factual allegations and therefore fails to satisfy the minimal pleading standard under the federal rules of civil procedure and Twombly/Iqbal, it appears to the court that Everist filed this action to enjoin a pending federal criminal prosecution in which he is apparently a defendant, United States v. Everist, Case No. 1:12-po-00001-PA. The court would simply caution Everist that to the extent he believes he is entitled to acquittal on the charges against him by virtue of his rights under federal mining laws, those arguments are properly asserted as defenses in the pending federal criminal action.

## RECOMMENDATION

For the reasons stated above, plaintiff's Complaint should be dismissed without prejudice and with leave to amend, the request to proceed *in forma pauperis* (#2) should be denied as moot, and the motions for summary judgment (#5, 6) should be denied as moot.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this***

***Report and Recommendation, if any, are due by June 25, 2012. If objections are filed, any***

***response to the objections is due by July 12, 2012.*** *See* FED. R. CIV. P. 72, 6.

DATED this _____ day of June, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge