IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID D. EVERIST,

        Plaintiff,

   v.

U.S.D.A., et al.,

        Defendants.

No. 1:12-cv-753-CL

**ORDER**

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). When either party objects to any portion of a Magistrate Judge's Report and Recommendation, the district court makes a de novo determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981). Here, plaintiff objects to the Report and Recommendation, so I have reviewed this

1 - ORDER

matter de novo.

## BACKGROUND

Plaintiff's complaint states:

Cross COMPLAINT FOR SON DE TORT
FOR PROSSESSARY ACTION Twin cedars placer.  Under USC 30 $ 53 on my exclusive possession use and enjoyment of my private Real estate personal private locatable mineral estate Domitian estate. With My Right to occupy, Right to exploits with in bounds of my possession by possessor title, location notice.
Motion for injunction on the case United States VS David D. Everist to impose injunction by court on the UNITED STATES GOVERNMENT USDA USFS US ATTORNY AND AGENTS AGENCY AND PARTIES.

Two months before plaintiff filed the complaint, the United States filed a criminal information against plaintiff. United States v. Everist, 1:12-po-1. The information charges four petty offenses, alleging plaintiff (1) unlawfully and knowingly occupies or uses a residence on National Forest System lands without authorization; (2) unlawfully and knowingly uses or occupies National Forest System lands without an approved operating plan; (3) unlawfully and knowingly cut or otherwise damaged timber without authorization; and (4) unlawfully and knowingly left litter or other refuse.  A court trial on the criminal information against plaintiff is set before Magistrate Judge Clarke on July 10, 2012.

## FAILURE TO STATE A CLAIM FOR RELIEF

Plaintiff seeks to enjoin the United States from prosecuting him.  Plaintiff has failed to show the extraordinary circumstances necessary to justify enjoining an ongoing federal criminal prosecution.

"Courts repeatedly have recognized the very heavy presumption

2 - ORDER

against enjoining pending or threatened criminal prosecutions." Downstate Stone Co. v. United States, 651 F.2d 1234, 1238 (7th Cir. 1981) (vacating district court's injunction against criminal enforcement of federal mining law during pendency of quiet title action). To justify an injunction against a pending criminal prosecution, the plaintiff must establish "exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights." Id. (citation and quotation marks omitted).

Here, as in Downstate Stone, the proposed injunction would prohibit the government from enforcing "federal criminal statutes designed to police compliance with valid and applicable Forest Service rules and regulations." Id. The "cost, anxiety, and inconvenience" of defending a single criminal proceeding is not "irreparable harm" for purposes of injunctive relief. Younger v. Harris, 401 U.S. 37, 46 (1971). Plaintiff has an adequate remedy at law because he can assert the same arguments raised in his complaint as defenses in the pending criminal proceedings, where plaintiff has the benefit of experienced and very able defense counsel.

Plaintiff has failed to state a claim for relief. Because no amendment to the complaint could cure its deficiencies, I dismiss the complaint with prejudice.

### Application to Proceed In Forma Pauperis

After Magistrate Judge Clarke issued the Report and Recommendation, plaintiff filed a proper application to proceed in

3 - ORDER

forma pauperis. I grant plaintiff's application.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#7) is adopted in part. Plaintiff's application to proceed in forma pauperis (#12) is granted. Plaintiff's motions for summary judgment (#5, #6) are denied. The complaint (#1) is dismissed with prejudice.

IT IS SO ORDERED.

DATED this **21** day of June, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE